No. 11,694.

HAHNEWALD v. SCHLAPFER, ET AL.

Decided September 19, 1927. Rehearing denied October 10, 1927.

Proceedings in garnishment. Judgment for intervener.

*Affirmed.*

1. APPEAL AND ERROR—*Findings.* A finding based on conflicting circumstantial evidence will not be disturbed on review, although there is no direct evidence supporting it.

2. *Estoppel—Pleading.* An assignment of error based on estoppel will not be considered on review where there was no plea of estoppel.

3. GARNISHMENT—*Deposited Fund—Payment to Attorney.* Where money is deposited in court by the garnishee in garnishment proceedings, payment of the fund to attorneys for the garnisheeing creditor is payment to the creditor, and an order to repay part of the fund, proper.

4. APPEAL AND ERROR—*Parties not Before the Court.* A judgment or order of the trial court will neither be affirmed nor reversed as to parties not before the court.

5. GARNISHMENT—*Intervention.* In garnishment proceedings, an intervention before judgment against the garnishee, held to be in due time.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. JACOB V. SCHAETZEL, Mr. WALTER E. SCHWED, for
plaintiff in error.

Messrs. ROBINSON & SARCHET, Mr. JAMES E. GARRIGUES,
Mr. DAVID W. McCLAIN, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

ETHEL Schlapfer intervened in a garnishment pro-
ceeding and had judgment. Hahnewald, the garnishing
creditor, brings error.

Hahnewald obtained a judgment against Theodore
Schlapfer, Ethel's husband, July 9, 1924. August 19,
1925, execution was issued and August 28, the Stanley
Hotel Company and the Estes Park Bank were garnished.
September 19, 1925, the hotel company, garnishee, an-
swered that it owed Theodore $601.50 for milk and cream
sold to it by him, and paid that amount into court. Sep-
tember 1st the bank answered that it held $233.36 balance
due on a checking account, but did not pay the money
into court. September 12 a second garnishment was
served on the hotel company, and it answered that it
owed then an additional sum of $200.10, and paid it
into court, but further answered that, on September 4th,
it had been served by Ethel with a notice that Theo-
dore had assigned the account to her. September 19,
1925, Hahnewald satisfied his judgment to the extent of
$601.50 and on September 22nd the clerk paid that
amount to his attorneys, Schaetzel and Schwed, without
an order of court and without a judgment against gar-
nishee. September 28, Ethel intervened and claimed a
half interest in the dairy from the operation of which
the garnished credits had arisen and consequently in the

credits themselves. The court found for her and directed that half of all the garnished money be paid to her and directed attorneys to repay $200 of what they had received from the clerk. The attorneys were not parties to the proceedings, and they are not plaintiffs in error or parties in this court.

The plaintiff in error makes five points: (1) That the evidence shows that Theodore was, without question, the owner of the dairy ranch. (2) That since she allowed him to do the business in his own name, Ethel cannot claim her interest as against creditors. (3) That since the attorneys were not parties, the order to them was without jurisdiction. (4) That as to the garnished money in the bank there is no evidence that it grew out of the dairy business. (5) That the payment by the clerk was a bar to the intervention; i. e., the intervention was too late.

Upon the first point: The evidence is conflicting. It is all circumstantial. There is no direct evidence of any agreement of partnership or joint adventure, but we cannot say the finding was certainly wrong.

As to the second point: It amounts to estoppel and there is no plea of estoppel.

Upon the third claim: We think the payment to his attorney was payment to Hahnewald and therefore the order that he repay was right. Since the attorneys are not here as parties we can neither reverse nor affirm the court's judgment or order against them. If it was without jurisdiction it is, of course, a nullity.

As to the fourth point: There is some evidence that the money in the bank was a part of the joint property.

The fifth proposition must also be decided against plaintiff in error.

The statute, Code 1921, § 141, reads in part as follows: "If the answer shows that the garnishee is indebted to the defendant, then, if the plaintiff recover judgment against the defendant in the action, the court shall also enter judgment in favor of the defendant for the use

of the plaintiff against the garnishee for the amount of the indebtedness admitted in the answer.''

This refers to garnishment upon attachment, but garnishment upon execution is allowed by Code 1921, § 157, and all rights, remedies and proceedings under this chapter are made available to the parties. The chapter provides (§ 146), that any claimant may intervene ''at any time before the garnishment proceedings are determined.'' The intervention in the present case was before the judgment against the garnishee, and it cannot be said that the garnishment proceedings had then been determined. The intervention therefore was in due time.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.